PER CURIAM.
This is an appeal from a final judgment against the buyer of the Hollywood Bible College site in Hollywood for tortious interference with the contract a real estate broker had with the listing broker. We affirm. Upon the issue of liability, there is substantial competent evidence in the record of each of the five elements which constitute the tort; namely, (1) existence of the contract, (2) the wrongdoer’s knowledge that there exists such contract, (3) the wrongdoer’s intentional procurement of the breach, (4) lack of justification and (5) damages resulting for the plaintiff. See Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla.1985). We further conclude the delay in entry of the final judgment by the trial court, in this case, does not warrant reversal.
Upon the issue of damages, the listing broker — also a defendant against which a judgment was obtained by appellee here and not appealed — actually received as a result of negotiations to which appellee was not a party nor privy only $176,667. However, we confirm the much greater award of $480,000 based on the tort, against the listing broker and buyer, because there is substantial competent evidence to support the trial court’s conclusion that the oral agreement between the listing broker and Manesiotis was that the latter, for procuring the buyer, would get half of 6% of the selling price, as distinguished from half of whatever commission the listing broker got.
GLICKSTEIN and STONE, JJ., and BLOOM, PHILIP, Associate Judge, concur.